IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDUARDO L. GONZALEZ § | |
| § | CIVIL ACTION NO. 2:21-cv-126 |
| v. § | JURY |
| § | |
| NUECES COUNTY, TEXAS § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Eduardo L. Gonzalez (hereinafter "Plaintiff"), filing this his *Plaintiff's Original Complaint*, complaining of Nueces County, Texas (hereinafter "Defendant" or "Nueces County"), and showing in support thereof as follows:

**I.
JURISDICTION AND VENUE**

1. Plaintiff brings this action for compensation and other relief for violations under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§2601 *et seq*. Plaintiff alleges that he was harassed, discriminated against, suffered a hostile work environment, and was constructively discharged from his position of employment with Nueces County in violation of the FMLA.

2. Defendant was substantially in control of the terms of Plaintiff's work and was Plaintiff's employer as defined by 29 U.S.C. §203(d).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. At all times pertinent to this complaint, Defendant was an enterprise engaged in interstate commerce. The Court has personal jurisdiction over Defendant because Defendant conducted business in Texas, has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of

action.

4.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.

## II.
## PARTIES

5.     Plaintiff is an individual residing in Corpus Christi, Nueces County, Texas and has so resided at all times material to this suit.

6.     Defendant is a political subdivision of the State of Texas and may be served with summons upon Nueces County Judge Barbara Canales, at 901 Leopard Street, Room 303, Corpus Christi, Texas 78401.

## III.
## FACTS

7.     Whenever in this complaint Plaintiff pleads that Defendant engaged in an act or omission, Plaintiff likewise pleads that Defendant, its officers, agents, servants, employees or representatives, engaged in said act or omission in the course and scope of employment and/or with the full authorization or ratification of Defendant.

8.     On or about November 12, 2012, Plaintiff was hired by the Nueces County Sheriff's Office ("Department") where he faithfully worked for nearly eight years as a Correctional Officer until he was constructively discharged on or about September 10, 2020.

9.     On or about July 5, 2020, Plaintiff began experiencing symptoms of COVID-19, for which he tested positive on July 7, 2020. As recommended by the Center for Disease Control ("CDC"), Plaintiff went out on sick leave. When his health didn't improve, Plaintiff went to see his family doctor who – on or about August 10, 2020 – placed him on FMLA leave, which was effective (on

or about) July 5, 2020, through (on or about) August 24, 2020. To be clear, Plaintiff was out on FMLA leave for over seven (7) weeks.

10.     During his FMLA leave, it appears that Plaintiff was given 80 hours of paid leave pursuant to the Families First Coronavirus Response Act ("FFCRA") and used his accrued sick time/PTO to cover the remainder of his leave.

11.     While out on FMLA leave, Plaintiff's children's school temporarily eliminated in-person classes and switched to virtual learning instead, due to the pandemic. On or about August 25, 2020, Plaintiff was finally well enough to return to work. Upon his return, Plaintiff explained his children's schooling situation to Captain Aranda and asked him for a temporary shift change/schedule adjustment or additional leave in order to care for his children until he could find proper childcare. Captain Aranda quickly denied Plaintiff's request and constructively discharged Plaintiff by telling him that he had no choice but to resign or be fired if he could not find childcare.

12.     Plaintiff then went to Captain Guzman, who verified that Plaintiff's only options were to be fired or resign – which really aren't options at all. To be clear, immediately upon his return from FMLA leave, Plaintiff was told by at least two supervisors that the Department could not possibly accommodate a shift change – even a temporary one – and then constructively discharged Plaintiff by giving him only the options of being fired or resigning. As such, on or about August 26, 2020, as directed, Plaintiff submitted a letter of resignation giving Defendant a two-week notice (making his termination date September 10, 2020) – but ONLY because he was ordered to do so.

13.     A couple of days later and prior to his termination date, on or about September 2, 2020, Plaintiff found childcare for his children so he immediately notified Chief Galvan and submitted – in writing – a retraction of his two-week notice.

14.     Unfortunately – and for no good or legitimate reason – Defendant responded by sending Plaintiff a letter (1) denying his request to withdraw his resignation, (2) accepting his resignation and (3) encouraging Plaintiff to apply for reinstatement. As such, Plaintiff's employment was involuntarily terminated by way of constructive discharge on September 10, 2020. After being out on FLMA leave for several weeks, Defendant made the conscious decision to constructively discharge Plaintiff for taking said FMLA leave.

15.     On or about November 2, 2020, Plaintiff (through his undersigned counsel) sent a letter to Defendant, requesting reinstatement. On or about December 17, 2020, Defendant responded (through his undersigned counsel), by denying Plaintiff's request for reinstatement, but at the same time notifying Plaintiff that "the Nueces County Sheriff's Office has indicated that they would consider re-hiring Mr. Gonzalez if he were to submit an employment application, as a new hire with no back pay."

16.     Based on the December 17th communication, Plaintiff immediately re-applied for employment. Unfortunately, on (or about) December 28, 2020 – to Plaintiff's dismay – Defendant notified Plaintiff that he was <u>not eligible</u> to be considered for re-employment because he somehow – although not explained by Defendant – did not meet the minimum qualifications for his previously held position. Defendant made the conscious decision to constructively discharge Plaintiff as a punishment for taking FMLA leave and then refused to re-hire him for no good or legitimate reason.

## IV.
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

17.     Plaintiff alleges Defendant's unlawful actions in taking an adverse action against him for requesting and taking leave for a serious health condition that made him unable to perform the essential functions of his job, violates the Family and Medical Leave Act, justifying an award,

4

*inter alia*, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against Defendants.

18.     29 U.S.C. § 2615(a)(2) of the FMLA makes it "unlawful for an employer to discharge or in any other manner discriminate against an individual for opposing any practice made unlawful by this subchapter." § 2615(a)(2). To make a *prima facie* showing of retaliation under the FMLA, Plaintiff must show that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and either (3a) that he was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because he took FMLA leave. If Plaintiff succeeds in making a *prima facie* case, the burden shifts to Defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action(s). *Hunt v. Rapides Healthcare Sys.*, LLC, 277 F.3d 757, 768(5th Cir. 2001). See also *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 320(5th Cir. 1999); *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383(5th Cir. 1998).

19.     Immediately upon his return from FMLA leave, Plaintiff was told the Department would not allow him a (temporary) shift change to care for his children, who were forced to stay home from school due to the COVID-19 pandemic. Therefore, Plaintiff was constructively discharged by being forced to choose between being fired or resigning. Just a few days later, Plaintiff was able to find childcare and submitted a written retraction of his two-week notice, which was rejected for no good or legitimate reason. Then, after being encouraged by Defendant to re-apply, Plaintiff was told he's not eligible for re-hire because doesn't meet the "minimum qualifications" with no further reasoning or explanation. Plaintiff alleges that he was harassed, discriminated against, suffered a hostile work environment, and was constructively discharged from his position of employment with Nueces County in violation of the FMLA.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow Plaintiff to recover from Defendant the following:

a. all direct damages;

b. consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;

c. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;

d. liquidated and/or exemplary damages;

e. attorney fees;

f. court costs, including the costs of litigation;

g. pre-judgment interest and post judgment interest, at the maximum rate allowed by law; and

h. any other relief that the Court deems appropriate.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein*
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

*/s/ Christopher J. Gale*
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257

Chris@GaleLawGroup.com

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).