IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO L. GONZALEZ, | § | |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | Case No. 2:21-cv-126 |
| | § | |
| NUECES COUNTY, TEXAS | § | |
|     *Defendant.* | § | JURY TRIAL DEMANDED |

## **DEFENDANT NUECES COUNTY, TEXAS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Nueces County, Texas (hereinafter "Nueces County" or "Defendant") and files its First Amended Answer and Affirmative Defenses in response to Plaintiffs' First Amended Complaint (hereinafter "Amended Complaint") and respectfully shows the following:

**I.
ANSWERS TO SPECIFIC ALLEGATIONS IN
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. With respect to paragraphs 1-4 of the Amended Complaint, Defendant admits that the Court has jurisdiction over Plaintiff's alleged claims under the Family Medical Leave Act ("FMLA") and that venue is proper in this District. Defendant denies the Court has jurisdiction for any supplemental jurisdiction over any claims. All factual allegations and inferences in paragraphs 1-4 of the Amended Complaint that are not specifically admitted are denied.

**PARTIES**

2. Defendant admits the allegations in paragraphs 5-6 of the Amended Complaint.

**FACTS**

3. The allegations in paragraph 7 of the Amended Complaint contain no factual assertions which Defendant is required to admit or deny. Defendant objects to paragraph 7 as it attempts to insert vagueness and ambiguity into the pleadings. To the extent paragraph 7 contains any factual averments, they are denied.

4. With respect to the allegations in paragraph 8 of the Amended Complaint, Defendant admits that Plaintiff was a correctional officer with the Nueces County Sheriff's Department ("Department") until his separation due to his voluntary resignation. All allegations and inferences in paragraph 8 of the Amended Complaint that are not specifically admitted are denied.

5. With respect to the allegations in paragraph 9 of the Amended Complaint, Defendant admits that in about July 2020 Plaintiff contracted COVID-19 and used all appropriate paid and unpaid leave to which he was entitled until he was released to return to his work duties. Following his release, Plaintiff submitted his resignation and worked at various times until his separation date. All allegations and inferences in paragraph 9 of the Amended Complaint that are not specifically admitted are denied.

6. With respect to paragraph 10 of the Amended Complaint, Defendant admits that Plaintiff received and exhausted all paid and unpaid leave benefits to which he was entitled while absent. All factual allegations and inferences in paragraph 6 of the Amended Complaint that are not specifically admitted are denied.

7. With respect to the allegations in paragraph 11 of the Amended Complaint, Defendant admits that on about August 25, 2020, Plaintiff's physician released him to return to his correctional officer duties. Plaintiff, however, reported that he could not return to work. Plaintiff had exhausted all paid and unpaid leave and vacation benefits to which he was entitled.

All allegations and inferences in paragraph 11 of the Amended Complaint that are not specifically admitted are denied.

8. With respect to the allegations in paragraph 12 of the Amended Complaint, Defendant admits that Plaintiff had exhausted all available leave benefits and entitlements, and that he was informed that a transfer to a position without detainee contact was not available. Plaintiff was unwilling to return to work immediately, requested other options and was informed he could resign with notice or quit immediately if he did not want to return to work. All allegations and inferences in paragraph 12 of the Amended Complaint that are not specifically admitted are denied.

9. With respect to the allegations in paragraph 13 of the Amended Complaint, Defendant admits Plaintiff reported that he could not return to work. Plaintiff had exhausted all available leave benefits and entitlements, and he was informed that a transfer to a position without detainee contact was not available. Plaintiff was unwilling to return to work immediately, requested other options and was informed he could resign with notice or quit immediately if he did not want to return to work. Plaintiff submitted his resignation dated August 26, 2020. All allegations and inferences in paragraph 13 of the Amended Complaint that are not specifically admitted are denied.

10. With respect to the allegations in paragraph 14 of the Amended Complaint, Defendant admits that after Plaintiff resigned, he attempted to withdraw his resignation. All allegations and inferences in paragraph 14 of the Amended Complaint that are not specifically admitted are denied.

11. With respect to the allegations in paragraph 15 of the Amended Complaint, Defendant admits that Plaintiff's resignation was accepted, his attempt to withdraw his

resignation was denied, and pursuant to policy, he was eligible to apply for reemployment. All allegations and inferences in paragraph 15 of the Amended Complaint that are not specifically admitted are denied.

12. Paragraph 16 contains no factual averments which Defendant is required to admit or deny. To the extent paragraph 16 contains any factual averments, they are denied.

13. With respect to the allegations in paragraph 17 of the Amended Complaint, Defendant is without sufficient knowledge to admit or deny what Plaintiff did while on leave. Defendant admits that Plaintiff resigned his employment. All allegations in paragraph 17 of the Amended Complaint that are not specifically admitted are denied.

14. With respect to the allegations in paragraph 18 of the Amended Complaint, Defendant admits that it recruits for detention officers. Defendant further admits that Plaintiff exhausted all available leave benefits and entitlements and that a transfer to a position without detainee contact was not available. All allegations and inferences in paragraph 18 of the Amended Complaint that are not specifically admitted are denied.

15. With respect to the allegations in paragraph 19 of the Amended Complaint, Defendant admits that Plaintiff's counsel sent a letter dated November 2, 2020, addressed to the County Judge, which demanded Plaintiff's reinstatement with backpay. A response was provided on about December 17, 2020, from the office of the Nueces County Attorney rejecting Plaintiff's demands and explaining that any application for reemployment would be considered. All allegations and inferences in paragraph 19 of the Amended Complaint that are not specifically admitted are denied.

16. With respect to the allegations in paragraph 20 of the Amended Complaint, Defendant admits that Plaintiff reapplied for employment, his application and work history were

appropriately considered, and he was denied rehire as a correctional officer. All allegations and inferences in paragraph 20 of the Amended Complaint that are not specifically admitted are denied.

17. Paragraphs 21-22 contain no factual averments which Defendant is required to admit or deny. To the extent paragraphs 21-22 contain any factual averments, they are denied.

### **VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

18. Paragraphs 23-27 contain no factual averments which Defendant is required to admit or deny. To the extent paragraphs 23-27 contain any factual averments, they are denied.

19. With respect to the allegations in paragraph 28 of the Amended Complaint, Defendant admits that as of on or about August 26, 2020, Plaintiff had exhausted all leave benefits and that he was informed that a transfer to a position without detainee contact was not available. Plaintiff submitted his resignation and his later attempt to withdraw his resignation was denied. Plaintiff later applied for employment and was not hired. All allegations and inferences in paragraph 28 which are not specifically admitted are denied.

### **PRAYER**

20. With respect to the claims for specific relief, Defendant denies that there is any factual basis for Plaintiff's claims. Defendant denies that Plaintiff was discriminated or retaliated against in any way, or that Plaintiff is entitled to any relief whatsoever, at law or in equity. Further, Plaintiff is not entitled to exemplary or liquidated damages against Defendant.

### **II. AFFIRMATIVE DEFENSES**

21. The following affirmative and additional defenses and/or avoidances are alleged on information and belief and, except as expressly stated otherwise, each defense applies to the entire Complaint and to each purported cause of action or claim for relief therein. Defendant

reserves the right to amend or withdraw any and all defenses or to raise any and all additional defenses as or after they become known during or after the course of investigation, discovery, or trial.

22. No assertion of any affirmative or additional defense, or any matter claimed in avoidance shall constitute either an admission that Plaintiff does not bear the burden of proof or the burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiff bears the burden of proof or the burden of producing evidence as a matter of law, or a waiver of any of Defendant's rights to require that Plaintiff satisfies any burden of proof or burden of producing evidence.

   a. Defendant avers that at all times relevant to this suit, its actions with regard to Plaintiff, if any, were in good faith and Defendant had reasonable grounds for believing any such actions were not in violation of any law.

   b. Plaintiff's damages, if any, should be offset by subsequent earnings or benefits, by any duplicative awards, and by any damages caused by Plaintiff to Defendant.

   c. Plaintiff's claims are barred because he received all benefits to which he was entitled.

   d. Plaintiff failed to mitigate his damages, if any.

   e. Actions taken towards Plaintiff were taken for legitimate nondiscriminatory and nonretaliatory reasons.

   f. No actions toward or regarding Plaintiff were motivated by any unlawful reason, if, however, a finder of fact could deem otherwise. Defendant asserts that the same employment decision(s) would have been made irrespective of any alleged unlawful motive.

g.  Defendant avers that no conduct attributable to Defendant was the cause in fact, or legal cause, of the damages, if any, suffered by Plaintiff.

h.  Plaintiff's claims and/or damages are barred and/or limited because at all times Plaintiff failed to follow procedures which were in place to contest or report any alleged discrimination or retaliation.

i.  Plaintiff's claims are barred, in whole or in part, by after acquired evidence.

j.  At all times Plaintiff was employed at-will and Plaintiff has not alleged any exception to the at-will doctrine.

k.  Plaintiff has failed to exhaust administrative remedies.

l.  Plaintiff's claims relating to his resignation and/or constructive discharge are barred by estoppel.

m.  Plaintiff's claims based on the FMLA are barred due to Plaintiff's failure to comply with the requirements for FMLA leave.

n.  Plaintiff state law claim(s), if any, is(are) preempted by the FMLA.

o.  Plaintiff is not entitled to liquidated or exemplary damages because Defendant is a government entity.

p.  Plaintiff is not entitled to remedies beyond those allowed under the FMLA, such as and including for example, exemplary, emotional distress, and other compensatory damages not provided for by the text of the FMLA.

Respectfully submitted,

**BRANSCOMB, PLLC**
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401
Telephone: (361) 886-3800
Facsimile: (361) 886-3805

By:  */s/ Keith B. Sieczkowski*

Keith B. Sieczkowski  
*Attorney in Charge*  
State Bar No. 18341650  
Fed. I.D. 7118  
ksieczkowski@branscomblaw.com  
Emily K. Arnold  
State Bar No. 24105441  
Fed. I.D. 3293705  
earnold@branscomblaw.com  

**ATTORNEYS FOR DEFENDANT  
NUECES COUNTY**

## CERTIFICATE OF SERVICE

  I hereby certify that March 11, 2022, a true and correct copy of the foregoing was served via electronic service to the following pursuant to the Federal Rules of Civil Procedure:

Amie Augenstein  
Christopher Gale  
**GALE LAW GROUP, PLLC**  
711 N. Carancahua St., Suite 514  
Corpus Christi, Texas 78401

*/s/ Keith B. Sieczkowski*  
Keith B. Sieczkowski